**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 11-3308

———

UNITED STATES OF AMERICA

v.

NELSON OLAYANJU,
                    Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 3-10-cr-00571-001)
District Judge: Honorable Peter G. Sheridan

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 19, 2012

Before: AMBRO, and VANASKIE, and VAN ANTWERPEN, *Circuit Judges*

(Filed: June 20, 2012)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Nelson Olayanju appeals the sentence resulting from his plea of guilty to a count

of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  Olayanju was

sentenced to 51 months of incarceration, three years of supervised release, and restitution

in the amount of $236,267.62. Counsel for Olayanju has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and requested leave to withdraw. Because we agree that there are no non-frivolous issues for Olayanju to appeal, we will grant Olayanju's counsel leave to withdraw and will affirm the District Court's sentence.

## I.

Because we write primarily for the parties, we set forth only the facts and history relevant to the disposition of this appeal. Olayanju pleaded guilty to one count of conspiracy to commit bank fraud.[1] As a part of the plea agreement, Olayanju and the Government agreed that if the District Court adopted a Sentencing Guidelines offense level between 21 and 24, neither party would seek a sentence outside the corresponding sentencing range. The parties disagreed, however, regarding the enhancement for Olayanju playing an "aggravating role" under U.S.S.G. § 3B1.1(a). Olayanju argued for a 3-level enhancement, while the Government argued for a 4-level enhancement. The District Court agreed with the Government.

Olayanju also reserved his rights to challenge the loss amount calculated under U.S.S.G. § 2B1.1. The Probation Officer determined that the amount of intended loss was more than $400,000 but less than $1,000,000, thereby triggering a 14-level enhancement. Olayanju contended the actual loss was more than $200,000 but less than

---

[1] The grand jury indicted Olayanju on fourteen counts. These included one charge of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, twelve counts of bank fraud, in violation of 18 U.S.C. § 1344, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

2

$400,000. The District Court analyzed § 2B1.1, adopted the Government's argument regarding intended loss, and added 14 levels.

Olayanju's offense level was calculated to be 22.[2] When combined with Olayanju's criminal history score of III, this resulted in an advisory range of 51 to 63 months. The District Court imposed a 51 month sentence, a three-year supervised release term, and ordered restitution in the amount of $236,267.62. Olayanju filed a notice of appeal, and his counsel filed an *Anders* brief with this Court. The Government has filed a brief concurring with Olayanju's counsel that no non-frivolous issues exist in the appeal. Olayanju was notified of his right to file a *pro se* brief explaining why his conviction or sentence should be overturned on appeal, but has failed to do so.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review over an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) ("[T]he appellate court . . . must . . . itself . . . decide whether the case is wholly frivolous" (internal quotation marks and citation omitted)).

## III.

---

[2] The base offense level for an offense committed under 18 U.S.C. § 1349 is 7. The District Court added 4 levels for the "aggravating role" and 14 levels for the amount of loss as discussed *supra*. The District Court then made a 2-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and a 1-level downward adjustment for assisting the authorities by entering a plea of guilty pursuant to U.S.S.G. § 3E1.1(b). The final level was thus 22.

Our local rules provide that where "counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." THIRD CIRCUIT L.A.R. 109.2(a). When presented with an *Anders* brief, our inquiry is "twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (alteration in original) (internal quotation mark omitted) (quoting *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)).

In an *Anders* brief appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). If the *Anders* brief "initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself'" and confine our review to those portions of the record implicated by the brief. *Youla*, 241 F.3d at 301 (quoting *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996)).

Counsel identified three potential areas of that could give rise to an appeal in his brief: (1) the jurisdiction of the District Court, (2) the validity of the plea, and (3) the reasonableness and legality of the sentence. Counsel has demonstrated an examination and understanding of the plea agreement entered into by Olayanju, and the limitations set forth therein. He has also conducted a substantive analysis of the plea and sentencing hearings in the context of relevant case law and concluded that no non-frivolous

4

arguments can be made on appeal. We have determined that the brief filed in this case is thus facially adequate, and accordingly limit our review to the portions of the record implicated by it.

After reviewing these portions of the record, we agree with counsel that no non-frivolous issues exist. First, the District Court properly had jurisdiction under 18 U.S.C § 3231. Second, the transcript of the plea hearing demonstrates that the District Court complied with the legal standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969) and Federal Rule of Criminal Procedure 11. As required by *Boykin*, Olayanju's plea was knowing and voluntary. *Boykin*, 395 U.S. at 243 n.5. In its colloquy the District Court made Olayanju aware of his rights, and notified him that by pleading guilty he was waiving those rights. In addition, the plea agreement made clear that Olayanju was waiving his appellate rights.[3] As a result of the thorough nature of the plea colloquy and plea agreement below, no non-frivolous issue exists for Olayanju to pursue in this appeal.

Third, and finally, the sentence imposed presents no non-frivolous issues. Here, the District Court imposed a sentence that was procedurally and substantively reasonable. The District Court properly conducted the three-step sentencing process that constitutes the procedural aspect of the sentencing hearing. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). At the first step, it correctly calculated the advisory Guidelines

---

[3] Olayanju waived his right to challenge the sentence imposed if the "sentence fell within or below the Guidelines range that results from a total Guidelines offense level of 21." The plea agreement also states that this waiver is "binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein." The District Court used an offense level of 22 and imposed a 51 month sentence, which is within the 46 to 57 month sentence associated with an offense level of 21.

range. The District Court's rulings regarding the "aggravating role" played by Olayanju, and the amount of loss, were made after these issues were discussed at the hearing. Both rulings were based upon factual findings that justified the District Court's conclusion. At the second step of the procedural analysis, the District Court was not presented with any departure motions for it to rule upon. For the third and final step, the District Court evaluated the § 3553(a) factors and explained their significance in its sentence. These actions demonstrate that the District Court's sentence was procedurally sound. As a result, we turn to the substantive features of the sentence.

Where a sentence imposed is procedurally sound, "we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). After a review of the facts of Olayanju's guilty plea and sentencing hearing, we find that the District Court displayed a firm grasp of the facts and circumstances surrounding Olayanju's conduct and the relevant Sentencing Guideline considerations. With these in mind, the District Court sentenced Olayanju to the bottom of the advisory Guidelines range; a range which Olayanju had agreed was reasonable in his plea agreement. To that end, we are satisfied that there are no non-frivolous issues for Olayanju to pursue on appeal.

**IV.**

For the foregoing reasons, we grant the motion to withdraw and affirm the District Court's judgment and sentence.